IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JAMES N. BUTLER, SR., P-85679, | ) | |
| Petitioner, | ) | No. C 11-1888 CRB (PR) |
| vs. | ) | ORDER TO SHOW CAUSE |
| G. D. LEWIS, Warden, | ) | (Docket # 2 & 3) |
| Respondent. | ) | |

Petitioner, a state prisoner incarcerated at Pelican Bay State Prison, has filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging a conviction from Alameda County Superior Court. Petitioner also seeks appointment of counsel and leave to proceed in forma pauperis under 28 U.S.C. § 1915.

**BACKGROUND**

Petitioner pleaded no contest to possession for sale of heroine and possession for sale of cocaine. On or about December 19, 2008, he was sentenced to eight years in state prison.

Petitioner did not appeal, but unsuccessfully challenged his conviction in the state courts by filing several petitions for a writ of habeas corpus. The Supreme Court of California denied his final petition on October 20, 2010.

**DISCUSSION**

A. <u>Standard of Review</u>

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." <u>Id.</u> § 2243.

B. <u>Claims</u>

Petitioner seeks federal habeas corpus relief by raising several claims of ineffective assistance of counsel, as well as claims of denial of favorable witnesses and evidence, police perjury and error by the state courts in their review of his state habeas petitions.

A defendant who pleads guilty (or no contest) cannot later raise in habeas corpus proceedings independent claims relating to the deprivation of constitutional rights that occurred before the plea of guilty (or no contest). <u>See</u> <u>Haring v. Prosise</u>, 462 U.S. 306, 319-20 (1983) (guilty plea forecloses consideration of pre-plea constitutional deprivations); <u>Tollett v. Henderson</u>, 411 U.S. 258, 266-67 (1973) (same). The only challenges left open in federal habeas corpus after a guilty plea (or no contest) is the voluntary and intelligent character of the plea and the nature of the advice of counsel to plead. <u>Hill v. Lockhart</u>, 474 U.S. 52, 56-57 (1985); <u>Tollett</u>, 411 U.S. at 267. Petitioner's claims of pre-plea constitutional violations – denial of favorable witnesses and evidence, and police perjury – accordingly are DISMISSED. As is his claim of error by the state courts in their review of his state habeas petitions. <u>See</u> <u>Ortiz v. Stewart</u>, 149 F.3d

2

1 | 923, 939 (9th Cir. 1998) (errors in the state post-conviction review process are not addressable through federal habeas corpus proceedings). But liberally construed, petitioner's claims of ineffective assistance of counsel appear minimally cognizable under § 2254 and merit an answer from respondent. See Zichko v. Idaho, 247 F.3d 1015, 1020 (9th Cir. 2001) (federal courts must construe pro se petitions for writs of habeas corpus liberally).

C. Motion for Appointment of Counsel

Petitioner's request for appointment of counsel (docket # 2) is DENIED without prejudice. See Knaubert v. Goldsmith, 791 F.2d 722, 728 (9th Cir. 1986) (unless an evidentiary hearing is required, the decision to appoint counsel in habeas corpus proceedings is within the discretion of the district court). Petitioner adequately presented his claims for relief in the petition and an order to show cause is issuing. Accord Bashor v. Risley, 730 F.2d 1228, 1234 (9th Cir. 1984) (although petitioner had no background in law, denial of appointment of counsel within discretion of district court where petitioner clearly presented issues in petition and accompanying memorandum). The court will appoint counsel on its own motion if an evidentiary hearing is later required. See Knaubert, 791 F.2d at 728 (appointment of counsel mandatory if evidentiary hearing is required).

**CONCLUSION**

For the foregoing reasons and for good cause shown,

1. Petitioner's request to proceed in forma pauperis (docket # 3) is GRANTED.

2. The clerk shall serve a copy of this order and the petition and all attachments thereto on respondent and respondent's attorney, the Attorney General of the State of California. The clerk also shall serve a copy of this order

3

on petitioner.

3. Respondent shall file with the court and serve on petitioner, within 60 days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within 30 days of his receipt of the answer.

4. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, petitioner shall file with the court and serve on respondent an opposition or statement of non-opposition within 30 days of receipt of the motion, and respondent shall file with the court and serve on petitioner a reply within 15 days of receipt of any opposition.

5. Petitioner is reminded that all communications with the court must be served on respondent by mailing a true copy of the document to respondent's counsel. Petitioner must also keep the court and all parties informed of any change of address.

SO ORDERED.

DATED:  Aug. 11, 2011

CHARLES R. BREYER
United States District Judge

G:\PRO-SE\CRB\HC.11\Butler, J1.osc.wpd